# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN WILLIAM KING, <br><br> Plaintiff, <br><br> v. <br><br> BEST BUY, *et al.,* <br><br> Defendants. | Case No. CV 18-01213 SVW (AFM) <br><br> **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On February 14, 2018, plaintiff filed a Complaint in this *pro se* civil rights action pursuant to 42 U.S.C. §§ 1983, 1985. Plaintiff subsequently was granted leave *in forma pauperis*. The caption of the Complaint lists as defendants Best Buy; Jorge Solo, a manager at Best Buy; Customer Service Representative Sy at Best Buy; Los Angeles County Sheriff's Department Deputies Lamar Johnson, C. Aguilar-Aldapa, Jr., and Sgt. Hicks. (ECF No. 1 at 1.) The body of the Complaint does not identify any defendants, and the Complaint is not signed.[1] The Complaint

---

[1] Plaintiff is admonished that, irrespective of his *pro se* status, if plaintiff wishes to proceed with this action, he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379,

arises from an incident on December 6, 2017, at a Best Buy store in Compton, California. (*Id.* at 3.) Plaintiff subsequently was arrested. (*Id.* at 15.) The charges against him were dismissed sometime in January 2018. (*Id.* at 27.) Plaintiff purports to raise his Claim 1 and Claim 2 pursuant to state law (*id.* at 16, 28); his Claim 3 and Claim 4 are raised pursuant to the Fourth Amendment against Deputy Johnson for the excessive use of force and unreasonable arrest (*id.* at 30), his Claim 5 purports to raise a claim for conspiracy pursuant to 42 U.S.C. § 1985 against Best Buy Manager Solo, Customer Service Representative Sy, and Deputy Johnson (*id.* at 34), and his Claim 6 and Claim 7 are raised pursuant to the Fourteenth Amendment against Deputy Aguilar-Aldapa and Sgt. Hicks in connection with a disciplinary action against plaintiff while he was a detainee more than a week after the incident at the Best Buy store (*id.* at 36, 43).

The Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) applies to any action by a litigant who is proceeding *in forma pauperis*. *See, e.g., Shirley v. Univ. of Idaho*, 800 F.3d 1193 (9th Cir. 2015) (citing 28 U.S.C. § 1915(e)(2) and noting that a "district court shall screen and dismiss an action filed by a plaintiff proceeding *in forma pauperis*"); *Lopez v. Smith*, 203 F.3d 1122, 1127, n.7 (9th Cir. 2000) ("section 1915(e) applies to all *in forma pauperis* complaints" and "district courts [should] dismiss a complaint that fails to state a claim upon which relief may be granted") (en banc).

The Court's screening of the pleading under the foregoing statute is governed

---

382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3. Pursuant to Fed. R. Civ. P. 10, the body of a complaint must include all defendants listed in the caption of the pleading. Here, the caption of plaintiff's Complaint lists several defendants, but the Complaint fails to name any defendant.

2

by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

Following careful review of the Complaint, the Court finds that the factual allegations in the Complaint appear insufficient to state any federal claim upon which relief may be granted. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend and with prejudice.[2]

---

[2] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or

4

# PLAINTIFF'S ALLEGATIONS

On December 6, 2017, plaintiff had $380 in his possession when he entered the Best Buy store. (ECF No. 1 at 3.) Plaintiff bought a Playstation 4 Console and exited the store with a receipt. (*Id.* at 4.) Plaintiff reentered the Best Buy store approximately 20 minutes later to return the purchased Playstation 4 for a cash refund. (*Id.* at 6.) Plaintiff spoke with Customer Service Representative Sy, who informed plaintiff that the box contained a Playstation 3 Console, which was an older and less expensive version. (*Id.* at 6-8.) The Customer Service Representative accused plaintiff of fraud and attempting to return a product that plaintiff had replaced in the Playstation 4 Console's box, which plaintiff denied. (*Id.* at 8-9.) Plaintiff asked to speak to the store manager, Jorge Solo, who listened to the employee before talking to plaintiff (*id*. at 10), and who refused plaintiff's demands for a refund or an exchange (*id.* at 10-11).

Los Angeles County Sheriff's Deputy Johnson arrived. (*Id.* at 11.) Deputy Johnson asked plaintiff to leave after talking to the manager. (*Id.* at 11-13.) Plaintiff "eventually exited the store after some protest." (*Id*. at 13.) Deputy Johnson spoke with the Customer Service Representative and the manager again before telling plaintiff that the manager wished to have plaintiff arrested. (*Id.* at 13-15.) Plaintiff said that an arrest "would probably result in the loss of plaintiff's personal property which plaintiff was under California Court Order to remove from a premises . . on or before December 6, 2017." (*Id.* at 14-15.) Deputy Johnson arrested plaintiff based on the information provided by the Best Buy store

---

defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

employees; plaintiff did not provide any information. (*Id.* at 15). Within his Claim 3, plaintiff also alleges that Deputy Johnson "physically attacked plaintiff by applying personal [sic] holds and twisting plaintiff's arms and fingers." Plaintiff did not attempt to resist arrest "until plaintiff began to experience pain in the plaintiff's arms and fingers and upper torso." (*Id.* at 31-32.)

Plaintiff attached exhibits to his Complaint and requests that the Court take judicial notice of the exhibits. (*Id.* at 15-16.) The Court denies plaintiff's request as unnecessary because any document that plaintiff attached to his Complaint is incorporated into the Complaint by reference. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) (documents attached to a complaint are incorporated therein by reference). According to plaintiff's Exhibit 1, plaintiff was arrested based on information from Manager Solo and Customer Service Representative Sy that plaintiff was angry and aggressive toward Sy, appeared to have threatened Sy, and was causing a disturbance in the store. In addition, plaintiff used profanity and yelled at Deputy Johnson, and plaintiff refused to provide any information about the incident to the deputy. (ECF No. 1 at 47-51.)

## DISCUSSION

### A. <u>Conspiracy</u>

In his Claim 5, plaintiff alleges that he is raising a claim pursuant to 42 U.S.C. § 1985, and he alleges that defendants "have conspired to deprive the plaintiff [of] Fourth Amendment right against unreasonable seizure." (ECF No. 1 at 34.) Plaintiff alleges that Deputy Johnson "participated in a conspiracy" by "arresting plaintiff with the intent to punish plaintiff for his use of profanity toward Best Buy employees and for seeking to file and [sic] administrative complaints of misconduct against him." (*Id.* at 35.) Plaintiff alleges that defendants Solo and Sy

"conspired with defendant Johnson by making false statements of fact to defendant Johnson sufficient to effectuate/create probable cause to arrest." (*Id.*) Plaintiff also re-alleges his preceding paragraphs 3 – 38 (*id.*), which begin with the factual allegations of the incident on December 6, 2017 (*id.* at 3) and end with Deputy Johnson's writing of a report (attached to the Complaint as Exhibit 1) describing the facts given to him prior to plaintiff's arrest (*id.* at 15).

Plaintiff fails to specify which portion of the statute he is alleging that defendants violated. However, § 1985 proscribes conspiracies that interfere with: (1) the performance of official duties by federal officers; (2) the administration of justice in federal or state courts; (3) the enjoyment of "equal protection of the laws," "equal privileges and immunities under the laws," or the right to support candidates in federal elections. *See* 42 U.S.C. § 1985.

Plaintiff's factual allegations fail to give rise to a reasonable inference that he is purporting to allege a conspiracy under any section other than the interference with "equal protection" or "equal privileges and immunities" pursuant to § 1985(3). To the extent that plaintiff is purporting to allege a claim for conspiracy to deprive him of his civil rights pursuant to § 1985(3), in order to allege such a claim he must allege: (1) the existence of a conspiracy to deprive him of the equal protection of the laws, (2) an act in furtherance of the conspiracy, and (3) that he was injured in his person or property, or the conspiracy deprived him of a right or privilege of a citizen of the United States. *See Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000). Here, plaintiff's Complaint fails to set forth any factual allegations describing the overt acts that each defendant took in furtherance of the conspiracy; a mere allegation of the existence of a conspiracy is insufficient to state a claim pursuant to § 1985. *See Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1532 (9th Cir. 1992). Moreover, to allege a violation of § 1985(3), plaintiff must show that the alleged conspiracy resulted from racial or class-based discriminatory animus. *See Manistee Town Center v. City of Glendale*, 227 F.3d 1090, 1095 (9th Cir. 2000)

("A cause of action under the first clause of § 1985(3) cannot survive a motion to dismiss absent an allegation of class-based animus."). Here, nothing in the Complaint raises a plausible inference that any action taken by Deputy Johnson, Manager Solo, or defendant Sy was the result of class-based animus.

Accordingly, even accepting the factual allegations in the Complaint as true, construing the allegations liberally, and giving plaintiff the benefit of any doubt, the Complaint fails to allege a claim pursuant to § 1985 that is sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### B. <u>Fourth Amendment claims arising from plaintiff's arrest</u>

The Fourth Amendment "guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." *Graham v. Conner*, 490 U.S. 386, 394 (1989) (alterations in original). Such claims are "analyzed under the Fourth Amendment's 'objective reasonableness standard.'" *Saucier v. Katz*, 533 U.S. 194, 204 (2001) (citing *Graham*, 490 U.S. at 388). The "reasonableness" of an officer's actions "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

First, the determination of whether an officer's use of force was "reasonable" under the Fourth Amendment "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Graham*, 490 U.S. at 396 (internal quotations omitted). Such an analysis requires "careful attention to the facts and circumstances in each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* Moreover, the Supreme Court has held that, in determining whether the force used to effect a particular seizure is "reasonable" under the Fourth Amendment,

"the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397. As the Ninth Circuit has emphasized, "the most important factor under *Graham* is whether the suspect posed an immediate threat to the safety of the officers or others." *C.V. v. City of Anaheim*, 823 F.3d 1252, 1255 (9th Cir. 2016) (internal quotation marks omitted), *cert. denied*, 137 S. Ct. 570 (2016).

Plaintiff purports to allege a claim against Deputy Johnson for the use of excessive force during plaintiff's arrest. (ECF No. 1 at 30-33.) Plaintiff alleges that Deputy Johnson applied "personal holds" and twisted "plaintiff's arms and fingers." Plaintiff, however, also alleges that he attempted to "resist" the arrest after he "began to experience pain in the plaintiff's arms and fingers and upper torso." (*Id.* at 31-32.) Plaintiff additionally alleges that Deputy Johnson arrested plaintiff based on the information provided by the Best Buy employees. (*Id.* at 15). In the report that Deputy Johnson wrote about the arrest, which plaintiff attached to his Complaint, Deputy Johnson stated that plaintiff was reported to have yelled at and threatened a store employee, and plaintiff had refused to leave the Best Buy store after he had been asked to leave by Manager Solo. Deputy Johnson also personally experienced plaintiff using profanity, acting in an angry manner, and yelling. (*Id.* at 48-51.) Accepting plaintiff's factual allegations as true, Deputy Johnson's use of minimal force appears "objectively reasonable" in light of the information provided by the store employees, Deputy Johnson's own observations, and plaintiff's admitted resistance during the arrest. Further, although plaintiff also alleges that Deputy Johnson arrested him "with the intent to punish plaintiff for his use of profanity" (*id.* at 35), because the relevant standard for a Fourth Amendment claim is an objective one, an officer's subjective intent in questioning or arresting plaintiff is not relevant. *See Graham*, 490 U.S. at 397; *Whren v. United States*, 517 U.S. 806, 810, 813 (1996) ("decision to stop an automobile is reasonable where the

police have probable cause to believe that a traffic violation has occurred" and "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis").

In addition, in his Claim 4, plaintiff appears to be raising a claim under the Fourth Amendment against Deputy Johnson arising from an allegedly unreasonable seizure. (ECF No. 1 at 33.) Plaintiff alleges that Deputy Johnson "wanted to arrest the plaintiff as requested by [Manager] Solo because [Deputy] Johnson was angry at plaintiff for plaintiff's use of profanity." (*Id.*) As set forth above, Deputy Johnson's subjective intent in arresting plaintiff is not relevant to a claim pursuant to the Fourth Amendment. Rather, Deputy Johnson's actions in arresting plaintiff without a warrant do not violate plaintiff's Fourth Amendment rights as long as the facts known to the Deputy at the time of the arrest were sufficient to give probable cause to believe that a criminal offense had been committed. *See Santopietro v. Howell*, 857 F.3d 980, 987 (9th Cir. 2017) ("a warrantless arrest by a law [enforcement] officer is reasonable . . . where there is probable cause to believe that a criminal offense has been or is being committed") (alterations in original). Although it is not clear what crime plaintiff was arrested for, accepting as true the factual allegations in the Complaint, it appears that plaintiff had engaged in conduct that could arguably give probable cause to believe that he had committed a crime. *See, e.g., United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) ("Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested.").

Accordingly, it appears to the Court that plaintiff's factual allegations in the Complaint, even accepted as true and construed in the light most favorable to plaintiff, are insufficient to nudge any claim pursuant to the Fourth Amendment against defendant Johnson "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

C. **Plaintiff's prayer for injunctive relief**

Plaintiff appears to seek injunctive relief in connection with his Claim 4 against Deputy Johnson. (ECF No. 1 at 34.)

In order to state a claim for prospective injunctive relief, a plaintiff must demonstrate that a credible threat exists that he or she will again be subjected to the specific injury for which relief is sought. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). "[P]ast exposure to harm is largely irrelevant when analyzing claims of standing for injunctive relief that are predicated upon threats of future harm." *Nelson v. King County*, 895 F.2d 1248, 1251 (9th Cir. 1990) (*citing O'Shea v. Littleton*, 414 U.S. 488, 491 (1974)).

Here, to the extent that plaintiff purports to seek injunctive relief against Deputy Johnson, plaintiff is no longer in the custody of defendant or the Los Angeles County Sheriff's Department. (*See* ECF no. 1 at 27.) Further, plaintiff's Complaint fails to set forth any factual allegations showing that a credible threat exists that he will again be subjected to the specific injuries for which relief is sought. Accordingly, the Court finds that plaintiff's allegations in the Complaint are insufficient to state a claim for injunctive relief against any named defendant. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (inmate's release from an institution while his claims are pending will generally moot any claims for injunctive relief relating to the prison's policies); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (claims for injunctive relief are moot where a prisoner has been transferred to another facility and shows "no reasonable expectation" of returning).

D. **Plaintiff's claims against defendants Aguilar-Aldapa and Hicks**

Plaintiff appears to have joined two defendants, Deputy Aguilar Aldapa and Sgt. Hicks, in connection with incidents that occurred during plaintiff's detention at a Los Angeles County jail facility more than a week after his arrest on December 6, 2017. (*See* ECF No. 1 at 9, 37.) Plaintiff alleges in his Claims 6 and 7 that his due

process rights were violated in connection with a disciplinary violation at the correctional facility. (*Id.* at 37, 43.) Although plaintiff also references the Eighth Amendment, as a pretrial detainee, any claims pertaining to his detention arise under the Fourteenth Amendment and not the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"); *see also Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015) (noting "pretrial detainees (unlike convicted prisoners) cannot be punished at all").

Plaintiff's factual allegations against defendants Best Buy, Best Buy Manager Solo, Customer Service Representative Sy, and Deputy Johnson in connection with an incident at the Best Buy store culminating in plaintiff's arrest on December 6, 2017, are unrelated to his claims pursuant to the Fourteenth Amendment against Deputy Aguilar-Aldapa and Sgt. Hicks in connection with his later detention at a correctional facility. Plaintiff may not bring unrelated claims against unrelated parties in a single action. *See* Fed. R. Civ. P. 18(a), 20(a)(2). In this action, plaintiff may bring claims against multiple defendants only if: (1) the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any questions of law or fact common to all defendants will arise." Fed. R. Civ. P. 20(a)(2). Plaintiff's claims against Deputy Aguilar-Aldapa and Sgt. Hicks do not pertain to the incident at Best Buy or to plaintiff's arrest. Rather, the claims against the two sets of defendants arise from entirely different, and distinct, sets of factual occurrences that took place more than a week apart, and the two sets of claims do not have any common questions of law or fact. The mere fact that the three Los Angeles County Sheriff's Department officer defendants work for the same law enforcement agency is insufficient to create a common set of facts. *See, e.g., Woods v. City of Los Angeles*, 2017 U.S. Dist. Lexis 193637, at *

12, 2017 WL 5634105, at *5 (C.D. Cal Nov. 22, 2017) (complaint alleging two unrelated sets of allegations involving two distinct sets of defendants found to violate Rule 20(a) and plaintiff admonished to file separate actions (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits)); *Bracken v. Duran*, 2017 U.S. Dist. Lexis 95026, 2017 WL 2654838, at *2 (E.D. Cal. June 20, 2017) (finding Rule 18 and 20 dismissal appropriate although three named correctional officers worked at same institution).

Accordingly, plaintiff is admonished that, if he wishes to proceed with any federal civil rights claims against Deputy Aguilar-Aldapa and Sgt. Hicks, then he should set forth those claims in a separate action.

************

If plaintiff still desires to pursue this action, **he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order**, remedying the pleading deficiencies discussed above. The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that, if he desires to pursue this action, he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of his pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

In addition, if plaintiff no longer wishes to pursue this action, then he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**IT IS SO ORDERED.**

DATED: 2/22/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE